UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARY ELLEN CHEPAK,                                   11 Civ. 9698 (TPG)

                        Plaintiff,                           **OPINION**

-against-

METROPOLITAN HOSPITAL,

                        Defendant.
------------------------------------------------------------x

    *Pro se* plaintiff, Mary Ellen Chepak, brings this action for gender discrimination against her former employer Metropolitan Hospital. Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff has failed to name a proper defendant; that the complaint fails to state any plausible claims for relief; and that plaintiff's suit is time-barred.

    The motion is granted.

## The Complaint

    The following allegations are drawn from the complaint and the right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") that plaintiff attached to her complaint.

    In May 2006, plaintiff interviewed for a position at the hospital that had formerly

been occupied by at least two male employees. Plaintiff alleges that (¶¶ 15, 17):

> One male had worked for several years in the position, and another male took his place in that same position. Plaintiff interviewed for that same position which was now vacant. Plaintiff was told that she was to do the exact same job and be responsible for the exact same duties, as the males that previously held the same position.... Plaintiff was told that the position was that of a Health and Hospitals Corporation, New York City civil service Social Work Level 1 position, and that salary ($44,125) was limited in negotiation, but was further told that if she came on board that the Director of Social Work would see what he could do to increase her salary.

Plaintiff accepted the position in October 2006, but was unable to secure a higher salary than that offered in the interview. Plaintiff worked the position at the original rate of pay until late in 2009, during which time she (¶ 25) "performed her job in a satisfactory manner and was given ever-increasing responsibility, covering all Social Work needs for the entire hospital on Weekends and Holidays."

Plaintiff discovered the circumstances giving rise to this cause of action approximately one year after she began working for defendant. Specifically, she alleges (¶ 19, 20, 29) that:

> In winter 2007, Plaintiff discovered that the previous males that held the position, doing the exact same work, had been given a Higher and different civil service title of Coordinating Manager (which did not have a set salary assigned), thus the males were not bound to the civil service salary of $44,125, thus the males were able to negotiate a salary, unlike Plaintiff....And unlike Plaintiff, the males were earning approximately $35 an hour, which was at least $10 more an hour than Plaintiff was earning (or 1/3 more) for performing the exact same duties.... The male counterparts did not have higher education or experience than the Plaintiff, in fact, they had lesser qualifications than Plaintiff.

Plaintiff subsequently complained of this disparity to the Director of Social Work, who informed her that the situation could not be rectified. She then alleges that (¶ 23):

> Plaintiff complained unsuccessfully to in-house EEOC (Lois Penn) stating that she was earning significantly less than the male predecessors although she performed the same job with equal skill, effort, and responsibility under similar working conditions but was paid differently because of gender, in violation of the Equal Pay Act of 1963.

Defendant did not change plaintiff's salary, however, and she continued working in the position until late 2009. She then alleges that (¶¶ 26, 27):

> In winter of 2009, after Plaintiff had been trying to make ends meet on the lesser salary, Plaintiff could no longer live on that small wage. Plaintiff went to the Director of Social Work one last time and tried unsuccessfully to assert her rights for equal pay.... Due to this discriminatory practice, Plaintiff had to leave her employment.

Shortly before leaving this position, Chepak filed a charge of discrimination against defendant with the EEOC, alleging violations of Title VII and the Equal Pay Act. On September 30, 2011, the EEOC notified plaintiff that "[b]ased upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of the respondent." It based its conclusion on the fact that the prior employees mentioned by plaintiff both had Master's degrees, unlike plaintiff, and that the "evidence submitted did not demonstrate that the job of the comparators, who were Coordinating Managers, and your job, Social Worker, require equal skill, effort or responsibility." Id. Plaintiff attached this letter to the complaint.

Plaintiff filed suit on December 29, 2011, within ninety days of receiving the letter.

Based upon these allegations, plaintiff asserts six claims for relief. First, she alleges that defendant paid her less than similarly situated male employees, in violation of the Equal Pay Act ("EPA"), codified in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Second, she alleges that defendant's conduct constituted discrimination on the

3

basis of sex in violation Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Second, she alleges that defendant discriminated against her on the basis of sex, in violation of New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a). Third, she alleges that defendant retaliated against her on the basis of her sex discrimination complaints, in violation of Title VII. Fourth, she alleges that such retaliation also violated New York law, specifically, N.Y. Exec. Law § 296(7). And finally, she also alleges equal pay violations under N.Y. Exec. Law § 296(1)(a).[1]

Defendant moves to dismiss the complaint on several grounds. First, it argues that plaintiff's claims under the EPA[2] are barred by the two-year statute of limitations for "non-willful" violations of the law. Second, it argues that plaintiff has failed to plead sufficient facts to state a claim for relief as to any of the six counts asserted in the complaint. Third, it argues that defendant Metropolitan Hospital cannot be sued.

In support of its motion, defendant has submitted to the court a copy of the relevant job description of Social Worker. Also submitted is the job description of Coordinating Manager. The court will make use of these documents since they contain specifications of what is referred to in the complaint and also what is referred to in the EEOC letter.

---

[1] It is well settled that claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII. Torres v. Pisano, 116 F.3d 625, 629, n. 1 (2d Cir.1997), *cert. denied,* 522 U.S. 997, 118 S.Ct. 563, 139 L.Ed.2d 404 (1997). Accordingly, plaintiff's Title VII and New York State Human Rights Law claims are addressed under the same headings.

[2] Defendant repeatedly contends that plaintiff has asserted a claim under the EPA and a separate claim under the Fair Labor Standards Act ("FLSA"). But the prayer for relief does not include an additional FLSA violation beyond the EPA violation, and any mention of the FLSA in the complaint obviously arises because the EPA is part of the FLSA. Thus, the court declines to address any argument related to a phantom FLSA violation that plaintiff – as evidenced by her opposition papers as well as her complaint – never asserted.

## DISCUSSION

### THE MOTION TO DISMISS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of legal conclusions. Iqbal, 129 S.Ct. 1937 at 1950. A court must also draw all reasonable inferences in the plaintiff's favor, and it may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In addition, the court construes a *pro se* complaint even more liberally and will not dismiss it without granting leave to amend so long as there is an indication that a valid claim might be stated. See Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir. 1991).

### PLAINTIFF'S CLAIMS

In order to establish a *prima facie* Equal Pay Act ("EPA") violation, a plaintiff must demonstrate that: (i) the employer pays different wages to employees of the opposite sex; (ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and, (iii) the jobs are performed under similar working conditions." Ryduchowski v. Port Auth., 203 F.3d 135, 142 (2d Cir. 2000).

In ruling on a motion to dismiss for failure to state a claim, this court is required to

accept the material facts alleged in the complaint as true and not to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The court should construe a *pro se* complaint liberally and should not dismiss without granting leave to amend at least once when the complaint gives "any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (generally, permission to amend should be freely granted).

Here, defendant argues that plaintiff has failed to establish a *prima facie* case under the EPA that would create a plausible claim to relief. See Motion to Dismiss at 15. To that end, defendant contends that plaintiff's complaint constitutes "threadbare recitals of the elements" of an EPA claim, which is insufficient as a matter of law to survive a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S. Ct. at 1949.

With regard to the first prong, the court will assume that plaintiff satisfies what is needed by her pleading that the relevant males were earning $10 more per hour. See Complaint, ¶ 20.

The situation is different with respect to the second prong. According to her own allegation, the relevant males were Coordinating Managers. It is clear beyond any question that the duties and responsibilities of plaintiff as a Social Worker were substantially different from those of the Coordinating Managers. A Social Worker provides a great variety of social services in the way of counseling, and otherwise assisting patients to adjust

6

to treatment. A Coordinating Manager is indeed a manager, responsible for the administration and clinical excellence of the social work. There is no allegation in the complaint to contradict these established facts. The claim under the EPA is therefore dismissed.

The same result must be reached with respect to the Title VII claim and claims under New York Human Rights Law and the New York Executive Law. These are gender discrimination claims and have no basis for the same reason as has been discussed above in connection with the Equal Pay Act.

The claims for retaliation are, again, without validity. There is no sufficient allegation that plaintiff suffered adverse employment action as a result of making her in-house EEOC complaint. Plaintiff resigned voluntarily because she wished to earn more compensation. The retaliation claims are therefore dismissed.

METROPOLITAN HOSPITAL AS A PROPER DEFENDANT

Defendant correctly argues that Metropolitan Hospital, as an operating division of New York City's Health and Hospital Corporation ("HHC"), is not a separate corporate entity subject to suit under New York State law and the New York City charter. Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275, 287-288 (S.D.N.Y. 2006); See N.Y. Unconsol. Laws Ch. 214-A, § 5 (McKinney's 1969); New York City Charter § 396; Ayala v. Bellevue Hosp., No. 94 Civ. 1551(WHP), 1999 WL 637235, at *7, 1999 U.S. Dist. LEXIS 12982, at *9 (S.D.N.Y. Aug. 20, 1999).

Defendant is, consequently, dismissed from the action.

Defendant is, consequently, dismissed from the action.

Normally, a plaintiff would be permitted to amend the complaint to designate the proper defendant in a case such as this. Because there is no valid claim stated on the merits, leave to amend is denied.

## CONCLUSION

The court declines to dismiss the action on the basis of statute of limitations. However, the complaint is dismissed in its entirety for failure to state valid claims and for failure to name a proper defendant.

Leave to re-plead is not granted.

SO ORDERED.

Dated: New York, New York
       March 29, 2013

*Thomas P. Griesa*
Thomas P. Griesa, U.S.D.J.

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-29-13